```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
ALDO MITCHELL,                      :
                                    :
                    Petitioner,     :
                                    :
     -against-                      :
                                    :   04 Civ. 9672  (JFK)
                                    :   96 Cr. 126 (JFK)
                                    :   MEMORANDUM OPINION
UNITED STATES OF AMERICA,           :      and ORDER
                                    :
                    Respondent.     :
- - - - - - - - - - - - - - - - - -X
```

**JOHN F. KEENAN, United States District Judge**:

On August 23, 2005, the Court issued an Opinion and Order ("Order") denying Petitioner Aldo Mitchell's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mitchell filed a notice of appeal, but the Second Circuit dismissed the appeal without prejudice to re-filing after Mitchell moved this Court for a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1)(B). Mitchell now moves for the COA on the grounds that his claim of ineffective assistance of counsel, which in his view excuses his failure to timely file his 2255 petition, warrants appellate review. (Ltr. from J. London, Esq. dated Nov. 14, 2005). The Government opposes the application. (Ltr. from AUSA M. Farbiarz dated Feb. 2, 2006).

The Court presumes familiarity with the underlying facts. See Mitchell v. United States, No. 04 Civ. 9672(JFK), 2005 WL 2036029 at *1 (S.D.N.Y. Aug. 23, 2005). In his 2255 petition, Mitchell contended (i) that the one-year statute of

limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(1), should be equitably tolled because of the ineffective assistance of his counsel; (ii) that his sentence was unconstitutional because the Court applied the mandatory guidelines sentencing regime; and (iii) that he was prejudiced by the Government's failure to disclose evidence favorable to him with respect to conduct attributed to him at sentencing.

In an eleven-page opinion, the Court dismissed the 2255 petition on the first ground. The Court found that the failure of Mitchell's attorney to file a timely 2255 petition did not constitute the extraordinary circumstances that would justify equitable tolling. As the Court pointed out, the attorney was appointed as CJA counsel only 43 days before the 2255 filing deadline. In addition, Mitchell's lack of diligence was the root of this problem because he waited nearly ten months after his conviction became final to apply to the Court for the appointment of CJA counsel to handle the 2255. (Order at 9.) The Court distinguished this case from Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003), in which the Court of Appeals found that the defendant had established extraordinary circumstances because of counsel's ineffectiveness. As this Court previously explained, this case is not at all like Baldayaque, where the attorney incompetence was both remarkable and protracted. (Order

at 9-10.) The conduct of Mitchell's attorney simply is not comparable. Moreover, as the Court noted, even if Mitchell's attorney did err, it is settled that "attorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001).

In light of the foregoing, the Court is satisfied that no reasonable jurist would disagree that Mitchell's 2255 petition was untimely and that the exceptional circumstances and reasonable diligence necessary for equitable tolling of the statute of limitations are not present. The Court also is satisfied that no reasonable jurist would deem the issue worthy of further pursuit. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Mitchell's application for a COA is denied.

**SO ORDERED.**

Dated: New York, New York
February 7, 2006

John F. Keenan
JOHN F. KEENAN
United States District Judge