```
                                        ┌─────────────────────────────────┐
                                        │ USDC SDNY                       │
                                        │ DOCUMENT                        │
UNITED STATES DISTRICT COURT            │ ELECTRONICALLY FILED            │
SOUTHERN DISTRICT OF NEW YORK           │ DOC #: _____        │
------------------------------X         │ DATE FILED: Feb. 20, 2013       │
UNITED STATES OF AMERICA      :         └─────────────────────────────────┘
                              :
     -against-                :            No. 96 Cr. 126 (JFK)
                              :         Memorandum Opinion & Order
ALDO MITCHELL,                :
                              :
               Defendant.     :
------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Aldo Mitchell's ("Mitchell"
or "Defendant") motion to proceed in forma pauperis on the
appeal of this Court's Order dated January 5, 2012 (the
"Order"), which denied his motion for a reduction of sentence
pursuant to 18 U.S.C. § 3582(c)(2).  Mitchell has also filed a
notice of appeal of the Order, which the Court liberally
construes as a motion for an extension of time.  For the reasons
that follow, both motions are denied.

On July 28, 2000, after a jury trial, Mitchell was
convicted of (1) a racketeering conspiracy involving the
distribution of cocaine base as well as attempted robbery, in
violation of 18 U.S.C. § 1962(d); (2) a conspiracy to commit
robbery, in violation of 18 U.S.C. § 1951; and (3) the attempted
armed robbery of a drug dealer, during which the victim was
shot, in violation of 18 U.S.C. § 1951.  At the time of
Mitchell's sentencing on March 26, 2001, his applicable
sentencing range under the U.S. Sentencing Guidelines was 360

1

months to life.  The Court sentenced him to 360 months.

Mitchell moved under § 3582 for a sentence reduction on November

14, 2011, which this Court denied in its January 5, 2012 Order.

Over one year later, on January 23, 2013, Mitchell filed both a

notice of appeal from the Order and a motion for leave to appeal

in forma pauperis.

Rule 4(b) of the Federal Rules of Appellate Procedure

states that a defendant's notice of appeal must be filed in the

district court within fourteen days of the entry of the order

being appealed. Fed. R. App. P. 4(b)(1)(A)(i).  Although both of

Mitchell's filings state that the Order was entered on January

5, 2013, this is incorrect — it was entered one year earlier, on

January 5, 2012.  His notice of appeal was thus due on January

19, 2012, and is untimely by almost a full year.

Bearing in mind that Mitchell's pro se motions must be

"liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d

83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519,

520 (1972)), this Court may construe his notice of appeal as a

motion to extend his time to file. Cf. United States v. Munoz,

No. C-06-14, 2010 WL 5391191, at *1 (S.D. Tex. Oct. 25, 2010).

Even so, Rule 4(b) permits a district court to extend the time

to file a notice of appeal only up to thirty days and only upon

"excusable neglect or good cause." Fed. R. App. P. 4(b)(4).

Because almost a full year has elapsed, the Court cannot grant

any extension of time to appeal. See United States v. Lucangeli,
No. 99-cr-637, 2000 WL 23175, at *1 (S.D.N.Y. Jan. 13, 2000).

Moreover, a defendant is not permitted to proceed in forma
pauperis if the appeal is not taken in good faith. See 28 U.S.C.
§ 1915. An appeal cannot be taken in good faith if it is
frivolous, Davidson v. Murray, 371 F. Supp. 2d 361, 376-77
(W.D.N.Y. 2005), such as when it "lacks an arguable basis in law
or fact," Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). If
convinced that the appeal is frivolous, "it is the duty of the
trial judge, albeit not a pleasant duty, to certify that the
appeal is not taken in good faith." United States v. Farley, 238
F.2d 575, 575 (2d Cir. 1956). In this case, Mitchell's appeal
lacks an arguable basis in law because of its untimeliness. The
Court therefore certifies that any appeal would not be taken in
good faith, and in forma pauperis status is denied for the
purpose of an appeal. See Coppedge v. United States, 369 U.S.
438, 444-45 (1962).

**SO ORDERED.**

Dated:    New York, New York
          February 20, 2013

John F. Keenan
United States District Judge

3