USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
UNITED STATES OF AMERICA            :
                                    :
    -against-                       :
                                    :
ALDO MITCHELL                       :  No. 96 Cr. 126 (JFK)
                                    :  **OPINION & ORDER**
            Defendant.              :
                                    :
------------------------------------ X

APPEARANCES

FOR ALDO MITCHELL
    Pro se

**JOHN F. KEENAN, United States District Judge:**

Before the Court is pro se Defendant Aldo Mitchell's motion for a sentence modification, pursuant to 18 U.S.C. § 3582(c)(1)(B). For the reasons below, this motion is denied.

## I. Background

### A. Mitchell's Sentencing

On July 28, 2000, following a jury trial, Mitchell was convicted of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count Two); conspiracy to interfere with commerce through threats or violence in violation of 18 U.S.C. § 1951 (Count Six); and attempt to interfere with commerce through threats or violence in violation of 18 U.S.C. § 1951 (Count Seven). On March 26, 2001, the Court sentenced Mitchell to twenty years' imprisonment on Count Two, ten years' imprisonment on Count Six, and ten years' imprisonment on Count Seven. The Court held that

1

the sentence for Count Six was to run consecutively with Count Two, but that the sentence for Count Seven was to run concurrently with the other sentences. This gave Mitchell a total sentence of 30 years' imprisonment.

**B. Relevant Procedural History**

On March 29, 2019, Mitchell filed the instant motion, pursuant to 18 U.S.C. § 3582(c)(1)(B), for a sentence modification. (Mot. to Modify Def.'s Sent., ECF No. 802 (filed Mar. 29, 2019) [hereinafter "Mot."].)

## II. Discussion

Because Mitchell is appearing pro se, the Court construes his submission liberally and interprets it to raise the strongest argument that it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

18 U.S.C. § 3582(c)(1)(B) gives a federal court the authority to modify a sentence pursuant to either the terms of Federal Rule of Criminal Procedure 35 or a statute "expressly permit[ing]" a sentence modification. United States v. Vargas, No. 07 Cr. 1099-01 (NRB), 2014 WL 6850978, at *2 (S.D.N.Y. Dec. 3, 2014) (citing 18 U.S.C. § 3582(c)(1)(B)). Rule 35 permits the correction or reduction of a sentence where (1) a petitioner, within fourteen days of sentencing, moves for a correction of "a sentence that resulted from arithmetical, technical, or other clear error" or (2) the government, within

2

one year of sentencing, moves for a sentence reduction based on a defendant's substantial post-sentencing assistance. See Fed. R. Crim. Pro. 35. Here, Mitchell has made no mention of Rule 35 and, in any case, as more than eighteen years has passed since sentencing, any motion based on Rule 35 appears to be time-barred. Accordingly, Mitchell's 18 U.S.C. § 3582(c)(1)(B) motion must be based on a statute which expressly permits a sentence modification.

### A. 28 U.S.C. § 1651(a) as the Basis for a § 3582(c)(1)(B) Motion

Mitchell argues that the All Writs Act, 28 U.S.C. § 1651(a), expressly permits a sentence modification by way of a writ of audita querela. (Mot. 1-2, 7.) The All Writs Act, however, is "a residual source of authority to issue writs that are not otherwise covered by statute." Pa. Bureau of Corr. V. U.S. Marshall Serv., 474 U.S. 34, 43 (1985). Indeed, "where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. Here, Mitchell moves for a sentence modification based on a holding in Setser v. United States, 566 U.S. 261 (2012) which, he argues, rendered erroneous the Court's decision to run two of Mitchell's sentences consecutively, rather than concurrently. (Mot. at 2-7.) Such an argument, however, is a challenge to the legality of Mitchell's sentence

3

that must be heard as a 28 U.S.C. § 2255 motion. Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003) ("[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of a" 28 U.S.C. § 2255 motion)); Estrella v. United States, Nos. 11 Civ. 4639 (JFK), 01 Cr. 984-02 (JFK), 2011 WL 3667431, at *2-3 (S.D.N.Y. Aug. 22, 2011) (construing a petition for audita querela relief based on a then-recent Supreme Court holding that might render petitioner's counsel's assistance ineffective as a 28 U.S.C. § 2255 motion). Where, as here, a federal prisoner may seek a sentencing reduction by way of a 28 U.S.C. § 2255 motion, 28 U.S.C. § 1651(a) is inapplicable. United States v. Quintieri, 547 F. App'x 32, 33 (2d Cir. 2013) (summary order) ("[Audita querela relief] is generally not available to review a criminal conviction if the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion."); Pipola v. United States, 430 F. App'x 31, 32 (2d Cir. 2011) (summary order) (holding that audita querela relief is unavailable because 28 U.S.C. § 2255 afforded relief for a petitioner's claim); United States v. Barnes, No. 09 Cr. 1053 (SAS), 2014 WL 1621476, at *1 (S.D.N.Y. Apr. 22, 2014) (denying relief under the All Writs Act where each of petitioner's arguments could have been brought as a 28 U.S.C. § 2255 motion). Since 28 U.S.C. § 1651(a) is inapplicable, Mitchell cannot rely on it "as a statute that expressly provides authority for

4

sentence modification under 18 U.S.C. § 3582(c)(1)(B)." Ping v. United States, No. 08-CV-5295 (JS), 2010 WL 3257681, at *4 (E.D.N.Y. Aug. 13, 2010) (finding that a petitioner could not rely on 28 U.S.C. § 1651(a) as the statute expressly permitting modification of a sentence under 18 U.S.C. § 3582(c)(1)(B) where petitioner was able to file a 28 U.S.C. § 2255 motion). Accordingly, this motion must be denied.

### B. 28 U.S.C. § 2255 as the Basis for a § 3582(c)(1)(B) Motion

Construing Mitchell's submission liberally and interpreting it to raise the strongest argument it suggests, the Court next considers whether Mitchell's submission would be granted had he based his 18 U.S.C. § 3582(c)(1)(B) motion on 28 U.S.C. § 2255 instead. The Court finds, however, that such a motion would still have been dismissed.

28 U.S.C. § 2255 requires that a motion be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As Mitchell's argument relies on Setser, a case decided in 2012 (see, e.g., Mot. at 2), even if that decision was otherwise applicable, any reliance on § 2255 would be time-barred. As use of § 2255 is time-barred, Mitchell "cannot

5

therefore rely on § 2255 as expressly allowing the Court to modify his sentence under his 18 U.S.C. § 3582(c)(1)(B)" motion. Ping, 2010 WL 3257681, at *4 (holding that where a 28 U.S.C. § 2255 motion is time-barred, a petitioner cannot rely on that statute as the basis for his 18 U.S.C. § 3582(c)(1)(B) motion). Accordingly, such a motion would also be dismissed.

## Conclusion

For the reasons stated above, Mitchell's 18 U.S.C. § 3582(c)(1)(B) motion is DENIED.

The Court declines to issue a certificate of appealability because Mitchell has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 802.

**SO ORDERED.**

Dated:   New York, New York
         April 16, 2019

                                    _John F. Keenan_____
                                    John F. Keenan
                                    United States District Judge